UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC Bank (USA)

    Plaintiff,

v.                                                Case No:  2:13-cv-12-Ftm-99SPC

ORCHID GROUP INVESTMENTS,
L.L.C., LYNNE W. WASHBURN,
KRISTEN FLAHARTY, PATRICK
FLAHARTY and JOHN P. ARNOLD, JR. ,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Against Defendant, Orchid Group Investments, L.L.C. (Doc. #20) filed on March 5, 2013. Plaintiff PNC Bank National Association moves pursuant to Fed. R. Civ. Proc. 55(a) for an entry of a Clerk's Default against Defendant Orchid Group Investments, L.L.C. for failure to answer the complaint or otherwise appear within 21 days as required by Fed. R. Civ. P. 12.

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Before a clerk's default can be issued against the party, the serving party must establish that defaulting party was properly served.  Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007).

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president,

the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. Id. § 48.081(3)(a). "However, if service cannot be made on a registered agent because of failure of the corporation to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Id. Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So.2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So.2d 521, 522-523 (Fla. 2d DCA 1987).

In this case, Plaintiff PNC Bank filed a Complaint seeking Mortgage Foreclosure and Other Relief against Orchid Group Investments, L.L.C. and several individual Defendants on January 8, 2013. (Doc. #1). Plaintiff attempted service on Defendant Orchid Group's Registered Agent, Kent A. Skrivan, Esq. Plaintiff's Proof of Service states it served Marsha DeFrancesco at the Registered Agent's office located at 1421 Pine Ridge Road, Suite 120, Naples, Florida 34109 on January 23, 2013 at 10:20 a.m. (Doc. #20-1). Therefore, service was proper. To date, Defendant Orchid Group has failed to file a responsive pleading. Therefore, the entry of Clerk's default is appropriate.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Entry of Clerk's Default Against Defendant Orchid Group Investments, L.L.C. (Doc. #20) is **GRANTED**.

(2) The Clerk is directed to enter Clerk's default against Defendant Orchid Group Investments, L.L.C.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record