UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL
ASSOCIATION, successor to RBC
Bank (USA)

          Plaintiff,

v.                                     Case No:  2:13-cv-12-FtM-38UAM

ORCHID GROUP INVESTMENTS,
L.L.C., LYNNE W. WASHBURN,
KRISTEN FLAHARTY, PATRICK
FLAHARTY and JOHN P. ARNOLD,
JR. ,

          Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte* upon review of the record as this case was reassigned to the undersigned District Court Judge on May 30, 2013. The Complaint states that the case was brought pursuant to 28 U.S.C. § 1332, diversity jurisdiction. (Doc. # 1, ¶ 13). Diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000 and is between "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2).

For individuals, "citizenship is equivalent to domicile for purposes of diversity jurisdiction." McCormick v. Aderholdt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir.

2005) (citations omitted). When determining citizenship "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." <u>Rolling Greens MHP. L.P. v. Comcast SCH Holdings, LLC.</u>, 374 F. 3d 1020, 1022 (11th Cir. 2004).

Upon review of the Plaintiff's Complaint, the Court notes that the Complaint does not establish the citizenship of the members of the Defendant, Orchid Group Investments, LLC. Consequently, the Plaintiff failed to establish the Court's diversity jurisdiction. Since the Plaintiff did not adequately allege the Court's diversity jurisdiction, the Complaint is due to be dismissed without prejudice.

Because diversity jurisdiction has not been established for the Defendant Orchid Group, LLC., the previously issued Report and Recommendation (R & R) (Doc. # 33) is deemed moot. For the same reason, the Clerk's Default (Doc. # 22) issued on March 11, 2013, will be set aside. The Motion for Default Judgment (Doc. # 30) filed on April 15, 2013, is due to be denied.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. #1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff may file an Amended Complaint on or before **July 2, 2013**. Failure to file an Amended Complaint within the specified time will result in dismissal of the entire matter for lack of subject matter jurisdiction without further notice.

2. The Report and Recommendation (Doc. # 33) is **DENIED as moot**.

3. The Clerk's Default (Doc. # 22) issued on March 11, 2013, is hereby **set aside**.

4. The Motion for Default Judgment is against Orchid Group Investments, LLC. (Doc. # 30) is **DENIED**.

5. The Clerk of the Court is directed to terminate all pending motions and cancel any scheduled deadlines.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record