UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC Bank (USA),

        Plaintiff,

v.                                Case No:  2:13-cv-12-FtM-38CM

ORCHID  GROUP  INVESTMENTS,
L.L.C.,  LYNNE  W.  WASHBURN,
KRISTEN  FLAHARTY,  PATRICK
FLAHARTY and JOHN P. ARNOLD,
JR.,

        Defendants.

_____/

**ORDER[1]**

      This matter comes before the Court on Defendants Patrick Flaharty and Kristen

Flaharty's Motion to Compel and Motion to Extend Discovery Deadline (Doc. #69) filed

on February 5, 2014.  Plaintiff's Response in Opposition (Doc. #76) was filed on February

12, 2014.  This matter is currently set for trial in the April 2014 trial term.

      The Flaharty Defendants move this Court to reopen discovery so that the parties

may  resolve  discovery  disputes  regarding  the  Flaharty  Defendants'  First  Request  for

Production  of  Documents  and  Interrogatories  that  were  not  resolved  prior  to  the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

November 27, 2013 discovery deadline.  The parties differ in their versions of why these disputes were unable to be resolved prior to the discovery deadline.  It is clear to the Court from a review of the briefs that the parties have not adequately met and conferred regarding the outstanding discovery disputes.  Therefore, the Court will make no findings at this time as to the specific issues raised.  The Court will reopen discovery and directs the parties to meet and confer regarding the Flaharty Defendants' First Request for Production of Documents and Interrogatories.

The Court informs the parties that all documents relevant to either Plaintiff's claims or Defendants' defenses must be produced.  The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleadings, nor limited only to evidence that would be admissible at trial.  Id.  In this case, Plaintiff claims that it has already produced the only documents in its possession that are relevant to this action and the claims and defenses raised.  Even if that is its position, Plaintiff must still engage in a good faith effort to resolve these discovery disputes with the Defendants.  The Court is confident that the parties can work together to come to an agreement as to what documents are relevant to a mortgage foreclosure action.  The parties are directed to meet and confer and come to an agreement regarding the outstanding discovery requests prior to the final pretrial conference. The Court will discuss any issues that remain at that time.  To the extent that

the parties are engaged in a dispute as to whether original copies of the Notes at issue exist, the Court directs the Plaintiff to bring the original copies to the final pretrial conference.  Again, the parties are encouraged to work through such a dispute without Court intervention.

With regard to the deposition of Kurt Knaus, the Flaharty Defendants seek leave of Court to depose Mr. Knaus.  Plaintiff responds that Defendants have known that Mr. Knaus would be a potential witness for trial since at least October 22, 2013, when Plaintiff responded to the Flahartys' Interrogatories.  As discussed above, the parties differ in their versions of why the disputes regarding the Interrogatories were unable to be resolved prior to the discovery deadline.  The Court will allow the deposition of Mr. Knaus.

Accordingly, it is now

**ORDERED:**

(1) Defendants Patrick Flaharty and Kristen Flaharty's Motion to Compel and Motion to Extend Discovery Deadline (Doc. #69) is **GRANTED in part and DENIED in part.**

    a. The request to reopen discovery is **GRANTED**.  Discovery of this matter is reopened for the limited purpose of allowing the parties to resolve the discovery disputes between the parties regarding the Flaharty Defendants' First Request for Production of Documents and Interrogatories and for the deposition of Kurt Knaus.  Plaintiff shall make Mr. Knaus available for deposition **on or before March 14, 2014**.

    b. The request to compel Plaintiff to provide better discovery responses is **DENIED** at this time.

(2) The parties are required to meet and confer regarding the Flaharty Defendants'
First Request for Production of Documents and Interrogatories prior to the final
pretrial conference to be held before the undersigned on **February 21, 2014**.
The Court will address any unresolved issues at that time. However, the parties
shall advise the Court as to the unresolved issues no later than **February 19,
2013.**

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record