UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC Bank (USA),

      Plaintiff,

v.

ORCHID GROUP INVESTMENTS, L.L.C., LYNNE W. WASHBURN, KRISTEN FLAHARTY, PATRICK FLAHARTY, and JOHN P. ARNOLD, JR.,

      Defendants.
_____/

Case No: 2:13-cv-12-FtM-38CM

## **ORDER**

      This matter comes before the Court on Plaintiff, PNC Bank's Unopposed Motion for Separate Trial on Defendants, Kristen Flaharty and Patrick Flaharty's Crossclaim (Doc. #71) filed on February 7, 2014.  Plaintiff moves, pursuant to Federal Rule of Civil Procedure 42(b), to sever the Flaharty Defendants crossclaim brought against Defendants Lynne W. Washburn and John P. Arnold, Jr. (collectively the "Guarantors") and conduct a separate trial at an appropriate time after PNC's claims are tried.

      On August 15, 2013, the Flaharty Defendants brought a crossclaim against Washburn and Arnold for contribution of damages sustained after Defendant Orchid Group Investments, LLC (the "Borrower") "allegedly defaulted on a loan obtained from" PNC. (Doc. #44, pp. 15-16).  The Flaharty Defendants alleged that they "have or will have contributed more than their proportionate share of the obligation incurred by the borrower, Orchid, either by settlement, judgment or otherwise, with the lender, PNC

Bank," and Washburn and Arnold "should be required to contribute a proportionate share of the money paid by the Flahartys to PNC Bank on the obligation incurred by the borrower, Orchid." (Id. at pp. 17-18). The Flaharty Defendants' claims are (Count I) contribution against Washburn, and (Count II) contribution against Arnold.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). PNC argues that as the Flaharty Defendants have paid nothing to PNC since Borrower's default in August 2012, their crossclaim is premature and should be tried separately at an appropriate time after trial on PNC's claims against Borrower and the Guarantor Defendants.

Even though the Plainitff's Motion indicates that it is unopposed, a review of the Motion shows that only the Flaharty Defendants have consented to the relief requested. Thus, the Court will defer consideration of the instant Motion and direct the cross-defendants, Lynne W. Washburn and John P. Arnold, Jr., to inform the Court as to their position regarding the instant Motion. Further, the Plaintiff asserts in the instant Motion that the Flaharty Defendants' crossclaim is premature, and not even ripe, under Florida law because the Flahartys have in fact paid nothing to PNC pursuant to the Guaranties that would entitled them to contribution from Washburn or Arnold. If that is the case, a dispositive motion should have been filed by the cross-defendants on the issue.

Accordingly, it is now

**ORDERED:**

The Court **DEFERS CONSIDERATION** of Plaintiff, PNC Bank's Unopposed Motion for Separate Trial on Defendants, Kristen Flaharty and Patrick Flaharty's

Crossclaim (Doc. #71).  Defendants Washburn and Arnold are directed to inform the Court as to their position regarding the instant Motion by **noon on Thursday, February 20, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record