UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK, NATIONAL ASSOCIATION,
successor to RBC BANK (USA),

        Plaintiff,

v.                                     Case No.: 2:13-cv-12-FtM-38CM

ORCHID GROUP INVESTMENTS,
L.L.C., a Florida limited liability company,
LYNNE W. WASHBURN, an individual,
KRISTEN FLAHARTY, an individual,
PATRICK FLAHARTY, an individual, and
JOHN P. ARNOLD, JR., an individual,

        Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

This matter came before the Court on Plaintiff PNC Bank, National Association's Renewed Motion for Final Summary Judgment (Doc. #93), which the Court granted in a separate Order (Doc. #120).  It is hereby

**ORDERED AND ADJUDGED:**

1.     A final judgment of foreclosure is entered in favor of Plaintiff PNC Bank, National Association ("Plaintiff") and against Defendants Orchid Group Investments, L.L.C., Lynne W. Washburn, John P. Arnold, Jr., Kristen Flaharty, and Patrick Flaharty (collectively referred to as "Defendants"), as further stated herein.

2.     A final judgment of foreclosure is entered in favor of Plaintiff and against Defendants, jointly and severally, the following amounts:

| Principal | $3,730,780.55 |
|---|---|
| Interest (as of June 11, 2014) | $1,279,485.96 |
| Per Diem Interest from June 11, 2014 through August 14, 2014 (64 days) at the rate of $1,865.39 per day | $119,384.96 |
| **Total** | **$5,129,651.47** |

which total amount, pursuant to 28 U.S.C. § 1961, shall bear interest at the rate of 0.13 percent from the date of this judgment until satisfied.

3.      A final judgment of foreclosure is entered in favor of Plaintiff and against Defendants on the Amended and Restated Mortgage (the "Mortgage") recorded on February 24, 2011, in the Official Records of Lee County, Florida at Instrument No. 2011000046400.  Plaintiff holds a lien for the total sum in paragraph 2 of this Order superior to all claims or estates of any of the Defendants and those claiming by, through, under or against the Defendants, on the real property in Lee County, Florida, together with all fixtures located on or in such property (the "Property") described as follows:

A tract or parcel of land lying in Section 33, Township 43 South, Range 24 East and Section 4, Township 44 South, Range 24 East, Lee County, Florida, said tract being more particularly described as follows:

Commence at a steel pin marking the intersection of the Northerly right-of-way line of Pine Island Road (S.R. # 78), (66 feet wide) and the easterly maintained right-of-way line of Corbett Road; thence N 14°09'20" W, along said maintained right-of-way line 78.18 feet to a steel pin; thence N 06°33'02" W, along said maintained right-of-way line 687.24 feet to a steel pin marking the beginning of a curve concave to the Southwest having for its elements a central angle of 15°27'00" and a radius of 1242.00 feet; thence Northerly along the arc of said curve 334.91 feet to a steel pin; thence N 58°42'20" E, 382.85 feet, to the point of beginning; thence continue N 58°42'20" E, 427.39 feet; thence S 18°13'48" E 484.77; thence S 07°05'34" E 612.92 feet to the intersection with the Northerly right-of-way

line of Pine Island Road (S.R. #78), (66 feet wide); thence S 59°35'00" W, 428.96 feet along said Northerly right-of-way line; thence N 06°33'02" W, 687.24 feet; thence N 20°43'42" W, 407.47 feet to the point of beginning.

AND

A tract or parcel of land lying in Section 33, Township 43 South, Range 24 East and Section 4, Township 44 South, Range 24 East, Lee County, Florida, said tract being more particularly described as follows:

Begin at a steel pin marking the intersection of the Northerly right-of-way line of Pine Island Road (S.R. #78), (66 feet wide) and the Easterly maintained right-of-way line of Corbett Road; thence N 14°09'20" W, along said maintained right-of-way line 78.18 feet to a steel pin; thence N 06°33'02" W, along said maintained right-of-way line 687.24 feet to a steel pin marking the beginning of a curve concave to the Southwest having for its elements a central angle of 15°27'00" and a radius of 1242.00 feet; thence Northerly along the arc of said curve 334.91 feet to a steel pin; thence N 58°42'20" E, 382.85 feet; thence S 20°43'42" E, 407.47 feet; thence S 06°33'02" E, 687.24 feet; to the intersection with the Northerly right-of-way line of Pine Island Road (S.R. #78), (66 feet wide); thence S 59°35'00" W, 428.95 feet along said Northerly right-of-way line to the point of beginning.

SAID TRACTS OF LAND BEING NOW DESCRIBED AS FOLLOWS:

Parcel of land lying partly in Section 33, Township 43 South, Range 24 East and partly in Section 4, Township 44 South, Range 24 East, Lee County, Florida, being more particularly described as follows:

Commencing at the intersection of the easterly right-of-way line of Corbett Road with the northerly right-of-way line of Pine Island Road (State Road No. 78), according to Development Plat of "Indian Oaks Trade Centre" prepared by Avalon Engineering, Project No. 8776, dated 10-01-90; thence N. 14°09'20" W. along the said easterly right-of-way line of Corbett Road, a distance of 78.18 feet; thence N. 06°33'02" W. continuing along said right-of-way line, a distance of 578.95 feet, to the Point of Beginning of this description; thence continuing N. 06°33'02" W. along said right-of-way line, a distance of 108.29 feet to the beginning of a curve to the left, thence along an arc of said curve, being the said easterly right-of-way line of Corbett Road, having a radius of 1242.00 feet, a central angle of 15°27'00" and whose chord bears N. 14°16'32" W. for a distance of 333.90 feet, having an arc length of 334.91 feet; thence N. 58°42'20" E. along a non-tangent, non-

radial line, a distance of 810.24 feet; thence S. 18°13'46" E. a distance of 442.14 feet; thence S. 59°35'00" W. a distance of 853.45 feet to the said Point of Beginning of this description.

AND

Parcel of land lying partly in Section 33, Township 43 South, Range 24 East and partly in Section 4, Township 44 South, Range 24 East, Lee County, Florida, being more particularly described as follows:

Commencing at the intersection of the easterly right-of-way line of Corbett Road with the northerly right-of-way line of Pine Island Road (State Road No. 78), according to Development Plat of "Indian Oaks Trade Centre" prepared by Avalon Engineering, Project No. 8776, dated 10-01-90; thence N. 59°35'00" E. along the said northerly right-of-way of Pine Island Road, a distance of 857.91 feet; thence N. 07°05'34" W., a distance of 612.92 feet; thence N. 18°13'46" W. a distance of 42.63 feet; thence S. 59°35'00" W. a distance of 853.45 feet to an intersection with the easterly right-of-way line of Corbett Road; thence S. 06°33'02" E. along the said easterly right-of-way line of Corbett Road a distance of 578.95 feet; thence S. 14°09'20" E. continuing along said easterly right-of-way line of Corbett Road, a distance of 78.18 feet to the said Point of Beginning of this description.

4. Plaintiff has standing to foreclose the Mortgage, is the owner and holder of the Commercial Promissory Note dated January 14, 2011, secured by the Mortgage, and has admitted the same into evidence pursuant to the separate Order (Doc. #111) granting Plaintiff's Unopposed Motion for Leave to File Original Note.

5. Plaintiff is a citizen of Delaware. Defendant Orchid Group Investments, LLC, is a Florida limited liability company, whose members are citizens of New Mexico (Defendants Washburn and Arnold) and Florida (Defendants Patrick and Kristen Flaharty). Defendants Washburn and Arnold are citizens of New Mexico. Defendants Patrick Flaharty and Kristen Flaharty are citizens of Florida. All Defendants were properly served with service of process in this action.

6. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because Defendants are citizens of Florida and New Mexico, whereas Plaintiff is a citizen of Delaware.

7. Pursuant to the Mortgage, January 14, 2011 Commercial Promissory Note and January 14, 2011 Single Loan Guaranty Agreements at issue in this action and described in the Verified Amended Complaint, Plaintiff is entitled to recover its reasonable attorney's fees and costs from Defendants. The Court reserves jurisdiction to award attorney's fees and costs.

8. If the total sum with interest at the rate described in paragraph 2 and all costs accrued subsequent to this judgment are not paid, the master, Philip J. von Kahle (the "Master"), shall sell the Property at a public sale in the first floor lobby of the United States Courthouse and Federal Building, 2110 First Street, Fort Myers, Florida 33901, at a date and time to be determined by the Master, not less than ninety (90) days from the entry of this judgment, to the highest bidder for cash, certified check or cashier's check made payable to the Clerk of this Court, except as prescribed in paragraph 9, in accordance with 28 U.S.C. § 2001 and § 2002. Plaintiff shall publish notice of sale once a week for at least four (4) weeks prior to the sale in at least one (1) newspaper regularly issued and of general circulation in the county wherein the Property is situated, in accordance with 28 U.S.C. § 2002. Plaintiff or Plaintiff's attorney may also cancel or reschedule the sale by filing a motion with the Court and may seek to reschedule the sale to a later date.

9.  Plaintiff shall advance all subsequent costs of this action, including any fees and costs of the Master associated with the sale. Plaintiff may file an affidavit of additional attorney's fees and costs prior to the sale. Plaintiff may credit bid up to the full amount of this final judgment, plus interest, as set forth in paragraph 2 above, plus any additional attorney's fees and costs supported by affidavit or separate order entered prior to the sale, without being required to deposit any cash in connection with the sale. The successful bidder shall deliver a deposit to the Master of not less than ten (10) percent of the successful bid price at the time of sale and the balance of the bid price shall be delivered to the Master in cash, certified check, or cashier's check made payable to the Clerk of Court no later than 4:00 p.m. on the day following the sale. Should the highest bidder at the sale fail to tender the full bid amount in a timely manner, the Property shall be sold to the next highest bidder timely tendering said next highest bidder's full bid amount, without the necessity of any further sale or advertising.

10.  Upon receiving the bid amount from the purchaser of the property, the Master shall deposit any proceeds of the sale with the Clerk of this Court and shall file a report of sale with the Court, stating the date of the sale, the name and address of the winning bidder, the amount of the bid, the proceeds, if any, deposited with the Clerk, and the Master's fees and costs, which sale is subject to confirmation by the Court.

11.  If no objections to sale are filed within fourteen (14) days of the filing of the report of sale, Plaintiff shall file a motion for an order confirming the sale and instructing the Master to issue a Certificate of Title or Deed for the Property to the purchaser of the

Property at the sale, and for distribution of any proceeds received from the sale by the Clerk.

12. Upon confirmation of the sale by the Court, the Master shall convey to the purchaser a Certificate of Title or Deed, which shall be recorded in the public records of Lee County, Florida. Any documentary stamp taxes due on the Certificate of Title or Deed shall be payable by the party to whom such Certificate of Title or Deed is issued.

13. Unless otherwise ordered by the Court, upon confirmation of the sale, the Clerk shall distribute the remaining proceeds of the sale, so far as they are sufficient, by paying: first, any fees and costs owed to the Master for the sale; second, all of Plaintiff's costs; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

14. Upon recording of the Certificate of Title or Deed, Defendants and all persons claiming by, through, under, or against Defendants since the filing of the notice of lis pendens shall be foreclosed of all estates or claims in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon recording of the Certificate of Title or Deed, the person named on the Certificate of Title or Deed shall be let into possession of the Property. If Defendants or anyone claiming under or against Defendants remain in possession of the property, the Clerk of the Court shall upon motion without further order of the Court issue forthwith a writ of possession upon request of the person named on the Certificate of Title or Deed. On issuance of the

Certificate of Title or Deed, Defendant Orchid Group Investments, L.L.C.'s right of redemption as provided by section 45.0315, Florida Statutes, shall be terminated.

15. Jurisdiction of this action is retained to enter further Orders that are proper, including, but not limited to, an award of attorney's fees and costs, confirmation of the foreclosure sale, re-foreclosure of the mortgage as to any omitted party or to correct any error in legal description of the property, entry of a deficiency judgment, writs of possession, and the adjudication of Defendants Patrick and Kristen Flaharty's cross-claims against Defendants John P. Arnold, Jr. and Lynne W. Washburn.

16. The true and correct physical address of Plaintiff PNC Bank, National Association, is 222 Delaware Avenue, Wilmington, DE 19801.

17. The true and correct physical address of Defendant Orchid Group Investments, L.L.C. is 17 Stonegate Circle, Santa Fe, New Mexico 87506.

18. The true and correct physical address of Defendant Lynne W. Washburn is 17 Stonegate Circle, Santa Fe, New Mexico 87506.

19. The true and correct physical address of Defendant John P. Arnold, Jr. is 17 Stonegate Circle, Santa Fe, New Mexico 87506.

20. The true and correct physical address of Defendant Kristen Flaharty is 11670 Rosemont Drive, Fort Myers, Florida 33913.

21. The true and correct physical address of Patrick Flaharty is 11670 Rosemont Drive, Fort Myers, Florida 33913.

22. Plaintiff may assign the judgment and credit bid by the filing of an assignment without further Order of the Court.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of August, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record