UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK, NATIONAL ASSOCIATION,
successor to RBC BANK (USA),

        Plaintiff,

v.                                              Case No.: 2:13-cv-12-FtM-38

ORCHID GROUP INVESTMENTS,
L.L.C., a Florida limited liability company,
LYNNE W. WASHBURN, an individual,
KRISTEN FLAHARTY, an individual,
PATRICK FLAHARTY, an individual, and
JOHN P. ARNOLD, JR., an individual,

        Defendants.
_____/

## ORDER[1]

This matter is before the Court on Plaintiff PNC Bank, National Association's Unopposed Motion for Appointment of Master to Conduct Foreclosure Sale (Doc. #122) filed on August 11, 2014. On August 14, 2014, the Court entered a Final Judgment of Foreclosure in this action. Plaintiff now seeks appointment of a special master to conduct the foreclosure sale of the property at issue in this case in lieu of the United States Marshall.

Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure authorizes courts to appoint a master to "address pretrial and posttrial matters that cannot be effectively and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Rule 53(a)(2), however, disqualifies from appointment a master who has "a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, . . ." Fed. R. Civ. P. 53(a)(2). "Absent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales." Stearns Bank, N.A. v. Marrick Properties, LLC, No. 8:11-cv-2305, 2012 WL 1155657, at 3 (M.D. Fla. Apr. 5, 2012) (citations omitted).

Here, neither a district judge nor a magistrate judge is available to address this matter timely and effectively. Additionally, the Declaration of Philip J. von Kahle states that Mr. von Kahle has no relationship to the parties, attorneys, action, or court that would require his disqualification. (Doc. #122-1 at ¶ 4). Mr. von Kahle's resume, which Plaintiff submitted in support of the instant motion, provides his qualifications to serve as a special master. (Doc. #122-2). Since the Court finds no basis to disqualify Mr. von Kahle, it will grant Plaintiff's motion (Doc. #122).

Accordingly, it is now **ORDERED:**

(1) Plaintiff PNC Bank, National Association's Unopposed Motion for Appointment of Master to Conduct Foreclosure Sale (Doc. #122) is **GRANTED** as follows:

    a. Philip J. von Kahle of Michael Moecker & Associates, 3613 North 29th Ave., Hollywood, Florida 33020, is **appointed** as master (the "Master") to conduct the foreclosure sale in accordance with the Final Judgment of Foreclosure on a date and time to be determined by the Master not less than **ninety (90) days** from the date of the judgment.

    b. Upon receiving the bid amount from the purchaser of the property, the Master shall deposit any proceeds of the sale with the Clerk of this Court and shall file a report of sale with the Court, stating the date of the sale, the name and address of the winning bidder, the amount of the bid, the proceeds, if any, deposited with the Clerk, and the Master's fees and costs, which sale is subject to confirmation by the Court.

    c. Upon confirmation of the sale by the Court, the Master shall be authorized to convey to the purchaser a Certificate of Title or Deed, which shall be recorded in the public records of Lee County, Florida.

    d. Unless otherwise ordered, upon confirmation of the sale by the Court, and conveyance to the purchaser of the Certificate of Title or Deed, the Master shall be discharged without further order of the Court. The Master may apply to the Court for further instructions if needed.

(2) The Clerk shall add Philip J. von Kahle to the docket as a Special Master (sm:pty) to receive copies of future filings and Orders, and send a copy of this Order and the Final Judgment of Foreclosure to the Special Master.

**DONE** and **ORDERED** in Fort Myers, Florida, this 15th day of August, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record
          Special Master