UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC Bank (USA)

        Plaintiff,

v.                              Case No:   2:13-cv-12-FtM-38CM

ORCHID GROUP INVESTMENTS,
L.L.C., LYNNE W. WASHBURN,
KRISTEN FLAHARTY, PATRICK
FLAHARTY and JOHN P. ARNOLD,
JR.,

        Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on Plaintiff PNC Bank National Association's Motion for Taxation of Costs (Doc. #126) filed on August 28, 2014. PNC Bank has provided a Bill of Costs and exhibits in support of its motion. (Doc. #126-1). Although given the opportunity, Defendants Orchid Group Investments, LLC, Lynne W. Washburn, Kristen Flaharty, Patrick Flaharty, and John P. Arnold, Jr. have not filed a response in opposition and the time to do so has expired. Nonetheless, PNC Bank's motion indicates Defendants agree to the imposition of all costs listed in its motion except those relating to title and lien searches. This matter is now ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On August 6, 2014, the Court granted PNC Bank's Renewed Motion for Summary Judgment. (Doc. #120). Then, on August 14, 2014, the Court entered Final Judgment of Foreclosure in favor of PNC Bank and against all Defendants. (Doc. #123). In this Final Judgment of Foreclosure, the Court held PNC Bank is entitled to recover its reasonable costs and attorney's fees from Defendants and reserved jurisdiction to award attorney's fees and costs. (Doc. #123, at 8).

Now, in this motion, PNC Bank seeks taxation of reasonable costs and expenses in the amount of $3,089.15 pursuant to 28 U.S.C. § 1920 and the parties' contracts. The Court will address each cost and expense below:

a.  Fees of the Clerk

PNC Bank seeks recovery of its $350.00 filing fee. (Doc. #126-1, at 1, 5). The Court finds this cost is due to be granted pursuant to 28 U.S.C. § 1290(1). Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1275 (M.D. Fla. 2010).

b.  Fees for Service of Summonses

PNC Bank seeks recovery of its $300.00 service of summonses fees. (Doc. #126-1, at 1, 5). The Court finds these costs are due to be granted pursuant to 28 U.S.C. § 1290. Id.; United States Equal Employment Opportunity Comm'n v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) ("hold[ing] that private process server fees may be taxed pursuant to §§ 1920(1) and 1921.").

c.  Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

PNC Bank seeks recovery of its $330.40 deposition transcript fees. (Doc. #126-1, at 1, 5).[2] PNC Bank asserts the deposition transcript of Kurt G. Knaus was reasonably necessarily obtained because it was filed with the Court and cited to by all parties. The Court

---

[2] The deposition transcript fees are styled as "Court Reporter" fees in the affidavit. (Doc. #126-1, at 5).

finds these costs are due to be granted pursuant to 28 U.S.C. § 1920(2). Osahar v. United States Postal Serv., 136 Fed. App'x. 259, 261 (11th Cir. 2005); W&O, 213 F.3d at 620-21.

    d. <u>Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case</u>

        PNC Bank seeks recovery of its $192.50 photocopying costs. (Doc. #126-1, at 1, 5). PNC Bank obtained certified copies of articles of merger from state and federal government agencies to prove PNC Bank's ownership of the loan and certified copies of warranty deeds for the property which were to be used as exhibits at trial. In addition, PNC Bank obtained certified copies from the clerk's office of the notice of *lis pendens* and final judgment for recording in the Lee County Official Records and fees for recording the *lis pendens*. The Court finds these costs are due to be granted pursuant to 28 U.S.C. § 1920(4); W&O, 213 F.3d at 623.

    e. <u>Title Search, Corporate Lien Searches and Mediation Fees Recoverable under the 2011 Note and the 2011 Guaranties</u>

        PNC Bank seeks recovery of its $1,916.24 title search, corporate lien searches, and mediation fees.[3] (Doc. #126-1, at 1, 5). PNC Bank admits these fees are not taxable under 19 U.S.C. § 1920 but asserts these fees are properly taxable under the 2011 Note and 2011 Guaranties. PNC Bank relies on the Court's Case Management and Scheduling Order as well as two cases, Tampa Bay Water v. HDR Engineering, Inc. and Palmer v. Johnson, to support its assertion. (See Doc. #49, at 9 ("The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and borne equally by the parties. *Upon motion of the prevailing party, the party's share may be taxed as costs in this action.*") (emphasis added)); Tampa Bay Water v. HDR Eng'g, Inc., No. 8:08-cv-2446-T-27TBM, 2012 WL 5387830, at *6 (M.D. Fla. Nov. 2, 2012) (enforcing parties' contract in light

---

[3] This $1,916.25 is broken down as follows: $690.00 for title searches, foreclosure commitment, and updates; $726.25 for corporate lien searches; and $500 for mediation.

of *reasonable attorney's fees* rather than taxation of costs pursuant to 19 U.S.C. § 1920); Palmer v. Johnson, No. 2:09-cv-604-FtM-29DNF, 2012 WL 4512918 (M.D. Fla. Oct. 2, 2012) (approving the taxation of mediation costs based on scheduling order). The Court finds mediation costs are due to be granted pursuant to the Case Management and Scheduling Order. Palmer, 2012 WL 4512918, at *4. In addition, the Court finds the other expenses, regarding the title search and corporate lien searches, are also due to be granted pursuant to the parties' contracts, 2011 Note and 2011 Guaranties. (See, e.g., Doc. #93-1, at 40-41 ("Mortgagor will pay to Bank, on demand, any and all costs and *expenses* incurred or paid by Bank and those incurred or paid on behalf of Bank in . . . undertaking or otherwise enforcing Bank's other rights and remedies . . . , including enforcement of any and all Mortgagor's performance obligations.") (emphasis added); Doc. #93-1, at 66 ("Guarantor agrees to pay to Bank, on Bank's demand, all costs and expenses incurred by Bank in connection with enforcement of Bank's rights and remedies under this Guaranty. . . 'costs and expenses' will *include* the reasonable fees of attorneys and other service providers") (emphasis added)).

Accordingly, it is now

**ORDERED:**

Motion for Taxation of Costs (Doc. #126) is **GRANTED**. Defendants' are taxed costs and expenses totaling **$3,089.15**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record